IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.   09 B 44734 |
| **BOSTON BLACKIES OF SKOKIE, INC.** | ) | Honorable Jack B. Schmetterer |
| | ) | |
| Debtor and Debtor-In-Possession | ) | Motion Date:  November 25, 2009 |
| | ) | Motion Time: 1:30 p.m. |
| | ) | |

## NOTICE OF EMERGENCY MOTION

To:   See attached service list

PLEASE TAKE NOTICE THAT on November 25, 2009, at the hour of 1:30 p.m., an **EMERGENCY MOTION FOR ORDER ALLOWING INTERIM USE OF CASH COLLATERAL**, shall be heard by the Honorable Jack B. Schmetterer of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 682 at 219 South Dearborn Street, Chicago, Illinois 60604.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

QUERREY & HARROW, LTD.

## AFFIDAVIT OF SERVICE

I, Eileen M. Sethna, an attorney certify that I caused the foregoing Notice of Motion to be served upon the persons named in the attached service list via facsimile on November 24, 2009 and November 25, 2009.

/s/ *Eileen M. Sethna*

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## SERVICE LIST

William T. Neary
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Fax: 312-886-5794

Ronald R. Peterson
Jenner & Block LLP
330 N Wabash Ave, 38th Flr
Chicago, IL 60611
Fax: 312-840-7381

Internal Revenue Service
Associate Area Counsel, SB/SE
200 W Adams St, Suite 2300
Chicago, IL 60606
Fax: 312-368-8712

Internal Revenue Service
Mail Stop 5010 CHI
230 S Dearborn St
Chicago, IL 60604
Fax: 312-368-8712

D. Patrick Mullarkey, Tax Division (DOJ)
PO Box 55
555 4th Street NW, Room 7804
Washington, DC 20044
Fax: 202-514-5238

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604
Fax: 312-353-2067

IL Dept. of Employment Security
33 S. State Street
Chicago, IL 60603
Fax: 312-793-9834

Illinois Department of Revenue
101 W Jefferson St
Springfield, IL 62702
Fax: 312-814-1402

G.E. Capital Corp.
c/o Todd B. Jones
8377 E. Hartford Drive, Ste 200
Scottsdale, AZ 85255
Fax: 480-563-6945

RBS Citizens, NA d/b/a Charter One
c/o Thomas M. Lombardo
Riemer & Braunstein, LLC
71 S. Wacker Dr, Ste 3515
Chicago, IL 60606
Fax: 312-780-1212

A New Dairy, Inc.
1234 W. Randolph
Chicago, IL 60607
Fax: 312-243-9860

Alpha Baking
4545 Lyndale
Chicago, IL 60639
Fax: 847-564-9525

ALSCO
2641 S. Leavitt
Chicago, IL 60608
Fax: 773-579-1325

Boston Blackies Mgmt, Inc.
801 W Adams St, Ste 201
Chicago, IL 60607
Fax: 312-627-0250

2

Boston Blackies Properties II, LLC
801 W Adams St, Ste 201
Chicago, IL 60607
Fax: 312-627-0250

Champion Energy
PO Box 3115
Houston, TX 77253-3115
Fax: 713-366-8822

Mark Solomon Ltd.
PO Box 934
Northbrook, IL 60065-0934
Fax: 847-564-2837

Walter J. Jr. Inc.
2441 E Seminary Ave
Des Plaines, IL 60016
Via FedEx Overnight

Unique Food Equipment
10520 Indianapolis Ave
Chicago, IL 60617

Versa Foods, Inc.
320 W Gerri Lane
Addison, IL 60101-5012
Fax: 630-628-9292

Carson's
612 N Wells
Chicago, IL 60610
Fax: 312-280-7872

Donna Giannis
801 W Adams St, Ste 201
Chicago, IL 60607
Fax: 312-627-0250

TriMark Marlinn
6100 W. 73rd St, Ste 1
Bedford Park, IL 60638
Fax: 708-563-2544

Washington Mutual
c/o JP Morgan Chase Bank
PO Box 660022
Dallas, TX 75266
Fax: 866-699-0618

US Food
PO Box 98045
Chicago, IL 60693
Fax: 630-496-4303

QuickLease
Attention: Dennis Miller, Portfolio Manager
655 Business Center Drive, Suite 250
Horsham, PA  19044
Fax: 267-960-2650

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.   09 B 44734 |
| BOSTON BLACKIES OF SKOKIE, INC., | ) | Honorable Jack B. Schmetterer |
| | ) | |
| Debtor and Debtor-In-Possession | ) | Motion Date:  November 25, 2009 |
| | ) | Motion Time: 1:30 p.m. |
| | ) | |

**EMERGENCY MOTION FOR ORDER ALLOWING**
**<u>INTERIM USE OF CASH COLLATERAL</u>**

Debtor, BOSTON BLACKIES OF SKOKIE, INC., (the "Debtor"), by and through its attorneys, QUERREY & HARROW, LTD., moves this Court on an emergency basis for entry an order permitting it to use cash collateral belonging to COACTIV CAPITAL PARTNERS, LLC d/b/a QUICKLEASE ("QuickLease"). In support thereof, Debtor represents to the Court as follows.

### BACKGROUND

A.   <u>The Chapter 11 Cases</u>

1.   On November 25, 2009, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtors now operates its business as a Debtor in Possession pursuant to §1107(a) and §1109 of the Bankruptcy Code.

2.   No creditors' committee has been appointed in this case.

3.   This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§157 and 1134. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

B.   <u>Background and Current Business Operations</u>

4. Debtor operates on location of a chain of restaurants featuring American style food.

5. The Debtor is primarily owned by various members of a family who is well known in the area for operating quality restaurants.

### SECURITY INTEREST OF QUICKLEASE

6. In 2008, the Debtors executed a security agreement in the form of an equipment lease in favor of QuickLease.

7. Debtor believes that the balance due to QuickLease is approximately $478,000.00. Debtor believes that the value of the assets securing its obligations to QuickLease is approximately $95,600.00.

### DEBTOR REQUIRES USE OF CASH COLLATERAL

8. The Debtor requires the use of its cash collateral as it is defined in Section 363(a) of the Bankruptcy Code and requests authorization of this Court to utilize the cash collateral pursuant to the provisions of Section 363(c)(2)(B) of the Bankruptcy Code. A statement showing Debtor's anticipated expenses is attached hereto as Exhibit 1.

9. The Debtor's request for the emergency use of cash collateral is necessary to allow the Debtor to operate over the Thanksgiving weekend pending the negotiation with QuickLease for a further interim order and a final order permitting use of cash collateral.

10. QuickLease will not be harmed by the interim use of cash collateral generated from the assets and proceeds thereof. As to the use thereof, the Debtor proposes that QuickLease be granted replacement liens upon the assets in Debtor's possession subsequent to the filing of the Chapter 11 petition to the extent of the collateral utilized, pay QuickLease its regular monthly payments of $9,955.04. In addition, as adequate protection and to grant QuickLease a

replacement lien upon the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien.

11. The use of collateral held by QuickLease will cause little, if any, harm to QuickLease. Conversely, the harm to the Debtor will be substantial because the use of cash collateral is essential to its status as a going concern. The Debtor further believes that QuickLease is fully protected for the value of its lien provided by a replacement lien to the extent of collateral utilized.

### NATURE OF EMERGENCY

12. The Debtor has no other source of income other than the receipts from the revenues from its services. If the Debtor is not given the use of cash collateral, it will be unable pay its employees for their services. If the employees are not paid in a timely manner, Debtor will be unable to retain its employees. The Debtor would then be forced into a premature liquidation.

13. Pursuant to Rule 4001(b) of the Bankruptcy Rules, Debtor must give fifteen (15) days notice to all creditors and parties in interest of a motion requesting leave to use cash collateral. However, pursuant to Rule 4001(b)(2), the court may conduct a preliminary hearing before the fifteen (15) day period expires as is necessary to avoid immediate and irreparable harm.

## NOTICE

14.     Notice of this Emergency Motion has been served upon the Trustee, all parties holding a lien upon the Debtor's assets and the twenty largest creditors. Debtor believes that it is appropriate to reduce the time for notice of this application.

### DISCLOSURE PURSUANT TO LR 4001-2

15.     Debtor represents that none of the provisions of the proposed cash collateral warrant highlighting as required by LR 4001-2.

WHEREFORE, Debtor, BOSTON BLACKIES OF SKOKIE, INC., prays that an order be entered as follows:

A.      Authorizing it to utilize cash collateral to the extent needed pursuant to the attached budget until December 18, 2009 thereby allowing Debtor to provide notice to all creditors pursuant to Rule 4001(b)(2) of the Bankruptcy Rules;

B.      Granting QuickLease a lien on the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien;

C.      Reducing the time required for notice to all creditors and parties in interest;

D.      Setting the matter down for final hearing on use of cash collateral; and

E.      For such other and further relief as this Court deems just and proper.

BOSTON BLACKIES OF SKOKIE,

By:  *Eileen M. Sethna*
     Eileen M. Sethna
     One of its attorneys

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

4